OPINION
{¶ 1} This is an appeal from the judgment of the Allen County Court of Common Pleas which found Defendant-appellant, Larry A. Bates, guilty of possessing crack cocaine and sentenced him to twelve months in prison.
 {¶ 2} On October 17, 2003, Bates was indicted for Possession of Crack Cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree. Bates entered a plea of not guilty, and a trial by jury was held. At the trial, the State had the arresting officer read from an Ohio State Highway Patrol Crime Lab report which identified the substance found on Bates as crack cocaine. Bates objected to the reading of the report since he would be unable to cross-examine the preparer of the report. The trial court overruled the objection based upon R.C. 2925.51. At the conclusion of the evidence, the jury found Bates guilty. Thereafter, the trial court sentenced Bates to twelve months in prison, the maximum sentence.
 {¶ 3} Bates now appeals asserting three assignments of error.
 First Assignment of Error The state failed to provide relevant discovery material whichwas generated by the Allen County Sheriff's Office during thescope of the investigation.
 Second Assignment of Error The drug report should have been excluded from evidence due tonon-compliance with the mandates of R.C. 2925.51.
 Third Assignment of Error The trial court's finding that the [sic] maximum sentence isnot supported and such sentence must be vacated as a matter oflaw, based on the abuse of discretion of the trial court judge.
 {¶ 4} We will discuss the second assignment of error first. R.C. 2925.51 provides that a lab report is prima-facie evidence of the content, identity, and weight of a chemical substance as long as the parties adhere to certain procedural requirements. Specifically, R.C. 2925.51(B) provides that the prosecuting attorney shall serve the accused or his attorney a copy of the lab report prior to a hearing where the report may be used. However,
(C) The report shall not be prima-facie evidence of thecontents, identity, and weight or the existence and number ofunit dosages of the substance if the accused or the accused'sattorney demands the testimony of the person signing the report,by serving the demand upon the prosecuting attorney within sevendays from the accused or the accused's attorney's receipt of thereport. The time may be extended by a trial judge in theinterests of justice.
 (D) Any report issued for use under this section shall containnotice of the right of the accused to demand, and the manner inwhich the accused shall demand, the testimony of the personsigning the report.
 {¶ 5} In this case, on November 4, 2003, the prosecuting attorney served Bates with a copy of the lab report he intended to use at trial. The report reflected nearly all of the above quoted language of R.C. 2925.51(C); however, the report failed to include the language "by serving the demand upon the prosecuting attorney within seven days from the accused or the accused's attorney's receipt of the report."
 {¶ 6} The State argues that the lab report produced during discovery substantially complied with the mandates of R.C.2925.51 and, therefore, the omission of the above mentioned language should not be the basis for reversing the judgment. We disagree.
 {¶ 7} Initially, the omission in this case involves what is arguably the most important provision in the statutory language from the defendant's standpoint, involving the specific manner and time frame necessary to assert and preserve the defendant's right to the testimony of a witness involving an essential element of any drug offense. Moreover, the almost surgical nature of the omission renders the notice somewhat misleading, if only to the extent that the remaining language appears to make sense on its face, and does not necessarily alert the reader to any obvious deficiency in the notice.
 {¶ 8} More importantly, however, the Fifth District Court of Appeals has recently addressed a similar issue involving R.C.2925.51 stating,
It is clear the report was provided in discovery, albeit in aform not in full compliance with the statute. However, thestatute specifically identifies what must be in the report andfurther requires the report be served on the accused or counselprior to any proceeding in which the report is to be used. Assuch, we believe this appeal does not involve a discoveryviolation issue, but rather an evidentiary foundation issue.
 The statute specifically addresses the preconditions necessaryfor admission of the report into evidence at trial in the absenceof a court appearance by the preparer of the report. The fact thestatute specifically lists what must be included with the reportleads us to the conclusion [sic] what is listed was important tothe legislature. Failure to include all information specified inthe statute renders the report inadmissible at trial for failureto comply with the statute, not because of a discoveryviolation. [emphasis added].
 State v. Bethel, Tuscarawas App. No. 2002AP0010, 2002-Ohio-5437, ¶ 9.
 {¶ 9} We agree with this reasoning and adopt the above holding of the Fifth District in Bethel. R.C. 2925.51 is not a discovery measure; rather it is evidentiary in nature providing providing a specific, statutory exception to the hearsay rule. See generally, State v. Hudson, Cuyahoga App. No. 79010, 2002-Ohio-1408, at *2; State v. Thompson (Jan. 24, 1996), Lorain App. No. 95CA006047 at *4 (finding that R.C. 2925.51
governs the admissibility of evidence). Accordingly, because the language of this report failed to comply with the essential provisions of R.C. 2925.51, it is our conclusion that the trial court erred in admitting the lab report into evidence at trial in lieu of the testimony of the chemist.
 {¶ 10} Notwithstanding error in the admission of the lab report, we must still determine whether such error was prejudicial. Regarding whether the admission of hearsay evidence unduly prejudiced defendant, "the evidence in favor of conviction, absent the hearsay, must be so overwhelming that the admission of those statements was harmless beyond a reasonable doubt." State v. Kidder (1987), 32 Ohio St.3d 279, 284.
 {¶ 11} Here, we cannot say that the admission of the lab report was harmless beyond a reasonable doubt. While the arresting officer may have been able to identify the substance found on Bates after laying a proper foundation which would render the lab report duplicative, no such foundation was established here. See, generally, State v. Mckee,91 Ohio St.3d 292, 297, 2001-Ohio-41. Without a proper identification of the substance found on Bates, an essential element of the State's case is lacking. Consequently, Bates' second assignment of error is sustained. As assignments of error one and three are now rendered moot, the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed.
Cupp and Bryant, JJ., concur.