OPINION
{¶ 1} Defendant-appellant Ryan J. Jarrett ("Jarrett") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County finding him guilty of possession of cocaine.
 {¶ 2} Following a conviction for OMVI, Jarrett was placed on probation. As part of his probation, Jarrett was required to provide urine samples at the request of his probation officer. On February 3, 2005, Jarrett's probation officer asked Jarrett to provide a urine sample. The results of the drug test performed on the sample indicated the presence of cocaine and marijuana. On March 9, 2005, Jarrett was interviewed by Patrolman Greg Smith ("Smith") concerning the positive result of the test. Jarrett admitted using cocaine and gave a written statement to Smith.
 {¶ 3} On March 17, 2005, the Auglaize County Grand Jury indicted Jarrett on one count of possession of cocaine. Jarrett entered a plea of not guilty to the charge on March 21, 2005. On August 2, 2005, a trial was held on the charge. Jarrett was found guilty as charged and sentenced to five years of community control. Jarrett appeals from this judgment and raises the following assignment of error.
The trial court committed prejudicial error when it allowedthe testimony of a laboratory analyst, who did not personallyperform the laboratory testing, in violation of [Jarrett's] rightof confrontation, guaranteed by the Sixth Amendment to theU.S. Constitution and Article I, Section 10 of the Constitution of theState of Ohio.
 {¶ 4} Jarrett claims in his assignment of error that the trial court erred by allowing a laboratory analyst who did not personally perform the testing testify as to the results. This court has previously addressed the requirements for the admission of the contents of a laboratory report in State v. Crager,
3rd Dist. No. 9-04-54, 2005-Ohio-6868. In Crager, this court held that laboratory reports are testimonial in nature and thus implicated the defendant's right to confront the maker of the report. Id. at ¶ 41. The admission of a laboratory report without the testimony of the maker of the report requires that the witness be unavailable and that the defendant had a prior opportunity to cross examine the maker. Id. at ¶ 42. "As the Supreme Court noted in Crawford, `we impose an absolute bar to statements that are testimonial, absent a prior opportunity to cross-examine * * *.'" Id., citing Crawford v. Washington 2004,541 U.S. 36, 124 S.Ct. 1354.
 {¶ 5} Here, the defendant requested that the actual person who completed the tests be present to testify pursuant to R.C.2929.51. The state listed the maker of the report as one of its witnesses. However at trial, the state presented the testimony of a supervisor of the maker of the report as to the contents of the report. At no time did Jarrett have an opportunity to cross-examine the maker of the report. Under this court's prior ruling in Crager, this testimony is not sufficient to satisfy the right to confrontation guaranteed by the U.S. Constitution and the lab report was not admissible.
 {¶ 6} Having determined that the report was not admissible, the next question is to determine to what, if anything, the witness may testify. The witness presented by the State indicated that he did not perform or observe any of the testing himself. He merely reviewed the work of the others to insure that the conclusions reached were consistent and supported by the work done. Under the holding in Crager, the mere review of the report without any independent testing does not qualify the witness to testify to the conclusions in the report when the report itself is not admissible. Id. at ¶ 48. Thus, the trial court erred by admitting the laboratory report and the testimony of the witness regarding the conclusions in the report. The assignment of error is sustained.
 {¶ 7} The judgment of the Court of Common Pleas of Auglaize County is reversed and the matter is remanded for further proceedings.
Judgment reversed and cause remanded.
 Shaw and Cupp, J.J., concur.